UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANIEL CISNEROS and ALBERT ESTRADA on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EP WRAP-IT INSULATION, LLC; CYNTHIA LUCERO; AND ABRAM LUCERO,<br><br>Defendants. | Case No.  19-cv-500<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF UNDER THE FAIR LABOR STANDARDS ACT [29 U.S.C. § 201 et seq.] AND NEW MEXICO'S MINIMUM WAGE ACT [N.M.Stat.Ann. § 50-4-22(D) et seq.] (COLLECTIVE ACTION COMPLAINT)**

Plaintiffs Daniel Cisneros and Albert Estrada (collectively "Plaintiffs") bring this action, on behalf of themselves and others similarly situated, under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 *et seq*.) and New Mexico Statutes to recover unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees and costs from defendant, EP Wrap-It Insulation LLC and its owner EP Wrap-It ("EP Wrap-It"):

**JURISDICTION**

1.   Jurisdiction of this action is conferred on this Court by §§ 16(b) and 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 216(b) and 217.  Jurisdiction is also conferred by 28 U.S.C. § 2201, providing for declaratory relief of an actual controversy and by the provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under an act of Congress regulating commerce.  Supplemental jurisdiction over state law claims is provided by 28 U.S.C. § 1367.

1

# INTRODUCTION

2. EP Wrap-It ("EP Wrap-It") at all times hereinafter mentioned has been a Texas Limited Liability Corporation with offices in El Paso, Texas. Its Texas address is 11421 Sundance Avenue, El Paso Texas, 79936. It has been engaged in construction activities of installing insulation in the El Paso area and the adjacent areas of New Mexico.

3. Abram Lucero and Cynthia Lucero are Officers of Defendant EP Wrap-It and regulate the payment of wages to EP Wrap-It employees. They are hereinafter collectively referred to as "EP Wrap-It" or "Defendant").

4. Employees of EP Wrap-It are consistently required to work over forty (40) hours in a seven-day workweek.

5. All time worked over forty (40) hours in a work week is required to be compensated at no less than 1 and ½ the employee's regular wage. 29 U.S.C. § 207(a).

6. As a result, Plaintiffs and others similarly situated, were not adequately compensated in violation of the New Mexico Minimum Wage Act, § 50-4-1 *et seq*.

7. EP Wrap-It has willfully and intentionally failed to provide employees with overtime compensation owed for the three years prior to the filing of this suit.

8. Plaintiff Cisneros and others similarly situated worked as insulators for EP Wrap-It at public works jobs in which New Mexico prevailing wage rates applied, but were not paid the correct applicable rates.

9. As a result, Plaintiff Cisneros and others similarly situated were not adequately compensated in violation of the New Mexico Public Works Minimum Wage Act, N.M.Stat.Ann. §§ 13-4-10 through 13-4-17.

10. Plaintiffs and others similarly situated worked as insulators for EP Wrap-It at public works jobs in which other state and local prevailing wage rates applied, and were not paid the correct applicable rates.

## PARTIES

11. Plaintiffs were employed by EP Wrap-It to perform mechanical insulation and related work.

12. This action is brought by Plaintiffs, for and on behalf of themselves individually and other persons similarly situated, pursuant to § 16(c) of the FLSA, 29 U.S.C. § 216(c). Plaintiffs have consented in writing to become a party to this action and such consent is filed herein with this Court below as Exhibits A-B. As additional persons consent in writing to become plaintiffs in this action, such consents will be filed with this Court. The additional persons who may join this action as consenters are similarly situated in that during the past three years, they have worked in excess of 40 hours in any work week for EP Wrap-It and have been subject to the policies and practices described herein as violative of the Fair Labor Standards Act (herein "FLSA"). (Named plaintiffs and opt-in consenters are herein collectively referred to as "plaintiffs").

13. At all times relevant herein, EP Wrap-It has been an employer engaged in commerce, within the meaning of, 29 U.S.C. § 203(b).

14. At all times relevant herein, Defendants Cynthia and Abram Lucero were residents of El Paso and were, and now are, officers of EP Wrap-It.

15. Defendants Cynthia Lucero and Abram Lucero, acted and act directly in the interests of the Defendant EP Wrap-It in relation to Defendant EP Wrap-It's employees. Thus,

3

they are an employer of the Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act.  29 U.S.C.  § 203(d).

16. Defendants Cynthia and Abram Lucero have at all relevant times acted directly or indirectly in the interest of an employer and are therefore included in the definition of "employer" under the New Mexico Minimum Wage Act as provided in N.M.Stat.Ann. § 50-4-21(B).

## COLLECTIVE ALLEGATIONS (STATE LAW CAUSES OF ACTION)

17. Plaintiffs bring this action as a collective action, pursuant to N.M.Stat.Ann. § 50-4-26(D) and N.M.Stat.Ann. § 13-4-11 on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendant.

18. The time periods relevant to delimiting the Class are as follows: the New Mexico Minimum Wage Act provides a three-year statute of limitations for all claims brought under the Act, and also provides that employees may recover all wages owed, regardless of the date of the violation of the Act, where the employer engaged in a continuing course of conduct in violating the Act. N.M.Stat.Ann. § 50-4-32.  The FLSA provides for a three-year statute of limitations, upon a showing that the violations of the act were "willful."

19. The individuals in the Class are so numerous that joinder of all members is impracticable.  Although the precise number of such individuals is currently unknown, Plaintiffs believe that the number of workers employed as insulators by Defendant during the statutory period exceeds 25.

20. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members.

21. Plaintiffs also bring the state law causes of action under New Mexico Rule of Civil Procedure 23(b)(2) and 23(b)(3) on their own behalf and on behalf of the following class (the "Class"): All persons employed in New Mexico by Defendant or a predecessor entity whose primary responsibilities include mechanical insulation and related work.

    a    There are questions of law and fact common to the Class, including but not limited to the following: whether Defendant's wage and hour practices are consistent with New Mexico law;

    b    whether Defendant's practice of requiring employees to perform overtime work in excess of 40 hours in a week complies with New Mexico law

22. These common questions and others predominate over questions, if any, that affect only individual Class or Subclass members.

23. Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other Class or Subclass members. By advancing their claims, Plaintiffs will also advance the claims of all Class or Subclass members, because Defendant participated in activity that caused all Class or Subclass members to suffer similar injuries.

24. Plaintiffs and their counsel will fairly and adequately protect the interests of absent Class or Subclass members. There are no material conflicts between Plaintiffs' claims and those of absent Class or Subclass members that would make class certification inappropriate. Counsel for Plaintiffs are experienced in complex class action litigation, including wage and hour litigation, and will vigorously assert Plaintiffs' claims and those of absent Class or Subclass members.

25. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

26. A class action is superior to other methods for the fair and efficient resolution of this controversy. The class action device presents fewer management difficulties, and provides the benefit of a single adjudication, economy of scale, and comprehensive supervision by a single court.

27. The damages suffered by Plaintiffs and each Class or Subclass member are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent class certification, it would not be feasible for Plaintiffs and Class or Subclass members to redress the wrongs done to them.

28. Even if Plaintiffs and the Class or Subclass members could afford individual litigation, which is not the case, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court.

**COUNT 1:  FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT REQUIRED RATES**

29. Plaintiffs refer to the allegations contained in paragraphs 1 through 28 and hereby incorporate the same herein as though fully set forth.

30. Plaintiffs are covered employees pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. Under the Act, all wages and/or overtime must be paid to covered employees when they are due.

31. The FLSA constitutes a Congressional recognition that the failure to pay wages owed on time may be so detrimental to the maintenance of the minimum standard of living necessary for the health efficiency and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

32. Plaintiffs regularly worked in excess of 40 hours a week for EP Wrap-It within the last three years.

33. Plaintiffs perform insulation work 40 hours a week for EP Wrap-It. They are required to report to work sites and perform work related tasks at the work sites for more than 8 hours a day. They are required on occasion to report to the office before work and after work to perform work related tasks. These work related tasks often require Plaintiffs to work a half hour to multiple hours a day more than 8 hours. Plaintiffs are not compensated for time spent loading and unloading trucks or traveling to/from the employer's facility to job sites. As a result, for a five day work week they often work 5 hours or more of unpaid overtime.

34. Despite the number of hours worked, Plaintiffs have not received proper and correct overtime compensation from EP Wrap-It.

35. EP Wrap-It has willfully failed and refused to provide payment at the overtime compensation rate of no less than 1 and ½ times the regular rate of compensation for all hours worked in excess of 40 hours in a work week as required by Section 7 of the Act, 29 U.S.C. § 207.

36. Defendants' failure to pay Plaintiffs at the appropriate rate for all overtime worked constitutes a violation of the FLSA, 29 U.S.C. § 215(a)(2).

37. Failure to pay Plaintiffs at the appropriate rate for all overtime worked also constitutes a violation of New Mexico law. N.M.Stat.Ann. § 50-4-1 *et seq.*, including but not limited to 50-4-22(C).

38. Failure to pay prevailing wage on public works projects is a violation of the New Mexico Public Works Minimum Wage Act, N.M.Stat.Ann. §§ 13-4-10 through 13-4-17.

39. Any violation of the FLSA based on a failure to pay overtime compensation provides the employee with a right of action to collect the unpaid overtime compensation and liquidated damages in an amount equal to the unpaid overtime compensation. 29 U.S.C. § 216(b).

40. Any violation of State law based on a failure to pay overtime compensation provides the employee with liquidated damages in an amount equal to twice the unpaid or underpaid wages. N.M.Stat.Ann. § 50-4-26(C).

41. Any employee who receives a judgment award as a result of action to recover unpaid overtime compensation under 29 U.S.C. § 216(b) is entitled to have his attorney's fees and costs of the action paid by the defendant.

42. In addition, as overtime compensation payments have not been made for each work week in which overtime compensation has been earned, or the next work week, EP Wrap-It is in violation of 29 CFR 778.106 requiring payment of overtime compensation as soon as practicable.

43. Failure to include travel time in the total number of hours worked per employee constitutes a separate and distinct violation of N.M.Stat.Ann § 50-4-2(B) requiring the employer to provide the employee with a written receipt showing the accurate total number of hours worked.

## COUNT 2: INJUNCTIVE RELIEF

44. Plaintiffs refer to the allegations contained in paragraphs 1 through 43 and hereby incorporate the same herein as though fully set forth.

45. Any violation of 29 U.S.C. § 215(a)(2) may be enjoined by this Court under 29 U.S.C. § 217.

46. An injunction is necessary as monetary damages are insufficient to fully compensate employees and, the violations alleged herein are ongoing. As recognized by the Congress in its passage of the FLSA, the failure to pay wages in a timely manner is a detriment to the general well-being of workers. *See Brooklyn Savings Bank*, *supra*, 324 U.S. at 707. After the fact compensation, while useful, does not eradicate the harm of the employer's failure to pay all wages owed.

## COUNT 3: DECLARATORY RELIEF

47. Plaintiffs refer to the allegations contained in paragraphs 1 through 46 and hereby incorporate the same herein as though fully set forth.

48. This is also an action for a declaratory judgment under 28 U.S.C. § 2201(a), for the purpose of finally determining an actual controversy between the parties concerning the provisions of the FLSA. This controversy is, in all respects, one which this Court has jurisdiction of under 28 U.S.C. § 1337(a).

49. This is also an action for declaratory judgment under the New Mexico Minimum Wage Act. This controversy is, in all aspects, one which this Court has jurisdiction over under N.M.Stat.Ann. § 501-4-1, *et seq.*, including but not limited to § 50-4-26(D).

50. Plaintiffs desire a declaration of their rights and the duties and obligations of the Defendant, in regard to the ongoing controversy and dispute about overtime compensation for

9

time worked in excess of forty (40) hours in a work week.  Such a declaration is necessary and appropriate in order that Plaintiffs may ascertain their rights in reference to the hours they have already performed for EP Wrap-It and so that they and others will not be deprived of their just compensation for work performed in the future.

## COUNT 4:  UNJUST ENRICHMENT

51. Plaintiffs refer to the allegations contained in paragraphs 1 through 50 and hereby incorporate the same herein as though fully set forth.

52. Plaintiffs and others similarly situated are entitled to payment at the prevailing wage rate for all hours worked for Defendants.

53. Defendants failed to pay Plaintiffs and others for all overtime hours worked, retained the fruits of Plaintiffs' and others' labor, and retained the monies that should have been paid to Plaintiffs and others as wages for hours worked.

54. Defendants were unjustly enriched by their refusal to pay Plaintiffs and others for all hours worked, and have benefited at Plaintiffs' expense.

55. Defendants should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on the behalf of others similarly situated, pray that this trial be heard by a jury and that this Court:

A. Enter a declaratory judgment declaring that Defendant has wrongfully violated their statutory obligations under the FLSA and New Mexico law, and deprived the Plaintiffs of the rights, protections and entitlements under the law, as alleged herein;

B. Enjoin the Defendant from continuing to withhold overtime compensation owed for work performed;

    C.    Order a complete and accurate accounting of all hours worked for Plaintiffs, showing all hours worked, specifically those hours in excess of forty (40) hours a week which have not yet been compensated and any hours that are due and owing to which Plaintiffs are entitled;

    D.    Award Plaintiffs monetary relief in the form of wages for all overtime worked but not compensated, liquidated damages equal to two times their unpaid wages, together with interest thereon for the statutory period of three years;

    E.    Award Plaintiffs their reasonable attorney's fees and costs and disbursements to be paid by defendant of this action;

    F.    Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YOUTZ & VALDEZ, P.C.

By: */s/ James Montalbano*
JAMES MONTALBANO
900 Gold Avenue, S.W.
Albuquerque, NM 87102
Tel: 505-244-1200
Fax: 505-244-9700
Attorneys for Plaintiffs

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: */s/ Anne I. Yen*
ANNE I. YEN
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023
Attorneys for Plaintiffs
Application for Admission *Pro Hac Vice* pending