# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL CISNEROS
and ALBERT ESTRADA,
*on behalf of themselves and others
similarly situated*,

      Plaintiffs,

v.                                                     Civ. No. 19-500 GBW/GJF

EP WRAP-IT INSULATION, LLC,
CYNTHIA LUCERO,
and ABRAM LUCERO,

      Defendants.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, Original Answer and Defenses to First Amended Complaint for Damages and Declaratory Relief. *Doc. 13*. Having considered the motion and briefing (*docs. 14*, *16*), the Court DENIES the motion for the reasons stated below.

    **I.**     **BACKGROUND**

Plaintiffs have been employed by Defendant EP Wrap-It Insulation, LLC ("EP Wrap-It") to work on public works projects in New Mexico. *Doc. 10* at ¶ 8. Plaintiffs allege that they have regularly worked more than forty hours per week, for which they are required to receive overtime compensation under federal and state wage laws. *Id*. at ¶¶ 32–35. Plaintiffs filed an Amended Complaint for Damages and Declaratory Relief

on July 15, 2019, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), New Mexico's Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-19 to -30 ("MWA"), and Public Works Minimum Wage Act, N.M. Stat. Ann. §§ 13-4-10 to -17 ("PWMWA"). *See generally id*.

Defendants filed a combined answer and motion to dismiss on September 9, 2019, seeking dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and under Rule 12(b)(3) for improper venue. As an alternative to dismissal for improper venue, Defendants seek a transfer of venue under 28 U.S.C. 1404(a) to the Western District of Texas, El Paso Division. *See generally doc. 13*. Plaintiffs filed a response to Defendants' motion on September 23, 2019 (*doc. 14*), to which Defendants filed a reply on September 30, 2019 (*doc. 16*).[1]

---

[1] Defendants' reply includes a signed affidavit from Defendant Abram Lucero attesting to certain facts alleged in Defendants' motion. *See doc. 16-1*. The Court finds that the facts contained in this affidavit are either not disputed by Plaintiffs or not required to be established by affidavit for purpose of the instant motion. Therefore, the Court excludes the affidavit from its consideration and need not address the procedural complications that would otherwise result. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (reversible error not to convert a 12(b)(6) motion to one for summary judgment where court does not exclude outside materials).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 983 (10th Cir 2010) (citation omitted). Motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The first is a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction. *Id.* The second goes beyond the allegations to challenge the facts upon which subject matter jurisdiction depends. *Id.* at 1003. In the case of a facial attack, the court must accept the allegations in the complaint as true. *Id.* at 1002. In a factual attack, the court may go beyond the pleadings without thereby converting the motion to a Rule 56 motion for summary judgment. *Id.* at 1003. However, if resolution of the jurisdictional question is "intertwined" with the merits of the claim, then the motion must be converted to a Rule 12(b)(6) or Rule 56 motion. *Id*.

### B. Rule 12(b)(6)

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). To survive a 12(b)(6) motion,

the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556. Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint must only be "enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555.

## C. <u>Venue</u>

A Rule 12(b)(3) motion will be granted if venue is improper under the rules applicable to the case. On a Rule 12(b)(3) motion, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012) (quoting 5B Wright & Miller, *Federal Practice and Procedure* § 1352, at 324 (2004)). Unlike a Rule 12(b)(6) motion, the Court is permitted to examine affidavits of the defendant which controvert the plaintiff's factual allegations. *Id.* at 1260.

4

If venue is proper, a party may nonetheless request transfer "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)) (alteration removed). Additional factors for deciding a venue transfer request include:

> the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).

### III. ANALYSIS

#### A. Plaintiffs Were Not Required to Exhaust Any Administrative Remedies Before Filing Suit.

Defendants assert a lack of subject matter jurisdiction under Rule 12(b)(1) based on "Plaintiffs' failure to exhaust their administrative remedies, and the lack of ripeness of each of their asserted claims." *Doc. 13* at 3. Defendants use the concepts of ripeness

5

and exhaustion interchangeably to indicate that Plaintiffs are required to wait for the U.S. Department of Labor and/or "any such authorized agency of the State of New Mexico" to investigate their claims before pursuing this action. *Id*. at 2–3. Defendants reiterate this argument as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. *See id*. at 3. Whether treated under the standard of 12(b)(1) or 12(b)(6), the Court finds Defendants' contentions meritless for the following reasons.

The purpose of the ripeness doctrine is to avoid "premature adjudication" of "abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). Courts look to "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149. To assess the fitness of the issues, courts ask "whether the case involves uncertain or contingent future events." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting 13A Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3532 at 112). Hardship to the parties depends on whether they face a "direct and immediate dilemma." *United States v. Bennett*, 823 F.3d 1316, 1327 (10th Cir. 2016) (citation omitted).

Plaintiffs allege that they have not been compensated for overtime work as required by state and federal wage laws. This is not an abstract disagreement over an uncertain future event. The factual allegations giving rise to Plaintiffs' claims have already happened, rendering them fit for judicial decision. Additionally, Plaintiffs'

6

unpaid overtime compensation constitutes a direct and immediate dilemma related to their financial interests. This case is fully ripe for judicial decision.

Turning to the question of exhaustion of administrative remedies, the key consideration is legislative intent. *See Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 502 n.4 (1982). Where a statute provides that administrative remedies are exclusive, exhaustion clearly applies. *Id*. In the absence of an explicit statutory exhaustion requirement, the courts must "focus on the role Congress has assigned to the relevant federal agency, and tailor the exhaustion rule to fit the particular administrative scheme." *Id*.

The parties argue primarily over Plaintiffs' FLSA claims. In their motion, Defendants cite no authority for their proposition that Plaintiffs are required to pursue administrative remedies before filing suit. *See doc. 13* at 1–3. In their response (*doc. 14* at 3), Plaintiffs cite to 29 U.S.C. § 216(b), which provides a private right of action for violations of the FLSA; *Washington Cty. v. Gunther*, 452 U.S. 161, 175 n.14 (1981),[2] which notes that the FLSA has "no requirement of filing administrative complaints and awaiting administrative conciliation efforts"; and *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981), which states, "No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute." In reply, Defendants cite a single case from the District of

---

[2] *Gunther* concerned claims under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), which was enacted as an amendment to the FLSA. 452 U.S. at 184 (Rehnquist, J., dissenting).

7

Kansas, in which a retaliation claim under the FLSA was held to be a breach of contract claim in disguise, for which the plaintiffs were required to pursue *contractual* remedies. *Doc. 16* at 1 (citing *Wahl v. City of Wichita*, 701 F. Supp. 1530, 1536–37 (D. Kan. 1988)).

The Court finds all of Plaintiffs' citations on point and thoroughly dispositive, while Defendants' solitary authority is neither binding nor apposite. The FLSA does not mandate any administrative procedure before an individual may bring suit, although it does provide that any such suit "shall terminate upon the filing of a complaint by the Secretary of Labor." *See* 29 U.S.C. § 216(b). It does not appear that such a complaint has been filed against Defendants. *See doc. 14* at 3. Furthermore, Congress's intention in providing a private right of action was to "encourage employees to enforce their FLSA rights in court, and thus to further the public policies underlying the FLSA." *Barrentine*, 450 U.S. at 740 n.16. Therefore, no exhaustion requirement applies to FLSA claims.

Plaintiffs also raise claims under state wage laws. The MWA provides that employees may bring a civil action against an employer for violations of the Act. N.M. Stat. Ann. § 50-4-26(D). While the director of the labor relations division of the Workforce Solutions Department is also empowered to bring actions against employers in the name of the state, *see* § 50-4-26(B), there is no statutory indication that an employee must wait for such action before suing on his or her own behalf. Furthermore, there is no case law from the New Mexico courts creating an exhaustion

requirement for suits under MWA.  *Cf. Self v. United Parcel Serv., Inc.*, 970 P.2d 582, 585 (N.M. 1998) (no requirement to exhaust collective-bargaining remedies under MWA).  This Court concludes that the MWA has no exhaustion requirement.

In contrast to the MWA, the PWMWA does not expressly provide a private right of action to employees.  *See* N.M. Stat. Ann. § 13-4-14.  Instead, it provides that the director of the labor relations division of the Workforce Solutions Department "shall refer such matters to the district attorney in the appropriate county, and it is the duty and responsibility of the district attorney to bring" suits for violations.  § 13-4-14(B).  However, the New Mexico Court of Appeals has read an implied private right of action in § 13-4-14 and allowed plaintiffs to bring claims under the PWMWA without first pursuing administrative remedies through the Workforce Solutions Department.  *Cates v. Mosher Enters., Inc.*, 403 P.3d 687, 694 (N.M. Ct. App. 2017).  In *Cates*, the Court found that "the plain language of Section 13-4-14(C) and (D) evidences legislative intent to create a private right of action that is separate and distinct from the administrative scheme in Section 13-4-14(A) and (B)."  *Id*. at 692.  As the New Mexico Supreme Court has not weighed in on this question and Defendants present no argument that it would decide otherwise, this Court adopts the intermediate court's decision.  *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007) (a federal court should generally follow an intermediate appellate state court's interpretation of state law

unless convinced that the state's highest court would decide otherwise). Therefore, this Court finds that the PWMWA has no exhaustion requirement.

None of the laws under which Plaintiffs bring their claims require Plaintiffs to exhaust (or otherwise await) administrative remedies before bringing suit in federal court. Finally, this Court notes that it has subject matter jurisdiction over the FLSA claim under 28 U.S.C. § 1331 and over the state law claims under 28 U.S.C. § 1367. On all possible grounds, Defendants' 12(b)(1) motion is denied. Further, Defendants' 12(b)(6) motion on the same grounds is denied.

### B. Plaintiffs State Claims for Which Relief Can Be Granted Against All Defendants On Their Own and Others' Behalf.

Defendants move to dismiss Plaintiffs' claims under Rule 12(b)(6) on two additional grounds. *Doc. 13 at 3.* First, without further explanation, Defendants assert that "Plaintiffs' Complaint fails to state any claim upon which can be granted against [Defendants Abram and Cynthia Lucero] in any individual or representative capacity." *Doc. 13 at 3.* Plaintiffs identify the Defendants Lucero as "Officers of Defendant EP Wrap-It" and "employers" within the meaning of the FLSA. *Doc. 10 at ¶¶ 3, 15.* The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An "employee" is defined as "any individual employed by an employer." § 203(e). The Tenth Circuit has noted the "striking breadth" of the FLSA's definitions, "stretch[ing] the meaning of 'employee' to cover some parties who might not qualify as such under a strict

application of traditional agency principles." *Johnson v. Unified Gov't of Wyandotte Cty./Kansas City*, 371 F.3d 723, 729 (10th Cir. 2004) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)).

"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). Courts apply an "economic reality" test to determine whether there is an employment relationship, based on the level of control exerted by the alleged employer. *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998); *see also Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189–90 (D. Colo. 2012) (applying economic reality test to determine whether managers are employers); *Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1282–88 (D.N.M. 2010) (determining individual liability under the Family Medical Leave Act by looking to FLSA case law). Relevant factors under this test are "whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Baker*, 137 F.3d at 1440 (citation omitted).

Plaintiffs allege that Defendants Lucero are officers of Defendant EP Wrap-It and, in that capacity, are responsible for the payment of employees' wages. *Doc. 10* at ¶

11

3. Although Plaintiffs do not address every factor of the economic reality test, they do allege that Defendants Lucero "determine[] the rate and method of payment," *Baker*, 137 F.3d at 1440, which is highly relevant to Plaintiffs' claims of nonpayment of wages. Plaintiffs allege sufficient facts at the pleading stage to raise an inference that Defendants Lucero are employers within the meaning of the FLSA, making them proper defendants in this case.

Defendants next assert that Plaintiffs lack standing to assert claims for relief for "similarly situated" employees. *Doc. 13* at 4. Under Article III's "case-or-controversy" requirement, an individual plaintiff has standing when he suffers (1) a concrete and particularized injury in fact, which is (2) fairly traceable to the defendant's actions, and (3) likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Article III standing is satisfied so long as at least one plaintiff meets the requirements. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977).

In addition to Article III's requirements, the Supreme Court has articulated several "prudential" standing doctrines. *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975). Relevant to Defendants' position is the doctrine that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*. at 499. However, "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing

rules." *Id*. at 501. Also, where the question of standing relates to absent class members, it is appropriately resolved at the class certification stage, in the context of the requirements of Rule 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612–13 (1997). Therefore, at this early stage, the only pertinent question is whether the named Plaintiffs have standing.

Plaintiffs Cisneros and Estrada allege that Defendants have failed to pay them overtime compensation, in violation of federal and state wage laws. This is a concrete injury, particular to each Plaintiff. The injury is clearly traceable to Defendants' alleged failure to pay overtime compensation, and a favorable ruling would result in Defendants paying Plaintiffs, thereby redressing their injury. In sum, the named Plaintiffs satisfy the requirements for standing. Moreover, Congress has expressly empowered plaintiffs to bring collective claims under the FLSA: "An action to recover [unpaid wages or overtime compensation] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*." 29 U.S.C. § 216(b) (emphasis added). Similarly, the New Mexico legislature has empowered employees to bring a civil action under the MWA "for other employees similarly situated." N.M. Stat. Ann. § 50-4-26(C). Considering both constitutional and prudential concerns, Plaintiffs in this case have standing to bring claims of similarly situated employees.

## C. Venue Is Proper in the District of New Mexico and Transfer Under 28 U.S.C. § 1404(a) Is Denied.

The FLSA contains no special venue provisions, therefore the general venue statute, 28 U.S.C. § 1391, applies to a motion to dismiss for improper venue. *See Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004). In a civil action, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(1), (2). The Tenth Circuit has clarified that venue based on § 1391(b)(2) "is not limited to the district with the *most* substantial events or omissions." *Bartile Roofs*, 618 F.3d at 1165. The court must consider "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and whether "substantial 'events material to those claims occurred' in the forum district." *Id.* at 1166 (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)). Additionally, the venue statute "contemplates that venue can be appropriate in more than one district." *Id.* (citation omitted).

Defendants contend that venue is improper in New Mexico because all the Defendants are residents of El Paso, Texas, making the Western District of Texas the proper venue under 28 U.S.C. § 1391(b)(1). It is undisputed that Defendant EP Wrap-It has its principal place of business in El Paso, Texas, *doc. 10* at ¶ 2, and that Defendants Lucero are residents of El Paso, Texas, *id.* at ¶ 14. Plaintiffs contend that venue is

14

proper in the District of New Mexico under 28 U.S.C. § 1391(b)(2), because the work for which Plaintiffs seek compensation was performed in New Mexico. *Doc. 14* at 5. It is undisputed that Defendants engage in projects in New Mexico. *Doc. 10* at ¶ 2; *doc. 13* at 5–6, ¶ 2. Defendants apparently dispute that the named Plaintiffs worked on projects in New Mexico. *Doc. 10* at ¶ 8; *doc. 13* at 6, ¶ 8. However, Defendants do not attach any evidence controverting this particular allegation, as would have been proper in a 12(b)(3) motion. *See Hancock*, 701 F.3d at 1260. Taking Defendants' motion in the light most favorable to Plaintiffs, Plaintiffs worked on projects in New Mexico for which they were entitled to receive compensation in accordance with New Mexico wage laws. Therefore, it appears that venue is proper in *both* the Western District of Texas and the District of New Mexico. Because venue is not improper in the District of New Mexico, Defendants' motion under Rule 12(b)(3) is denied.

As an alternative to dismissal, Defendants seek transfer to the Western District of Texas under 28 U.S.C. 1404(a). The plaintiff's choice of forum will normally not be disturbed unless it is outweighed by the factors supporting transfer. *See Scheidt*, 956 F.2d at 965. The plaintiff's choice "receives less deference, however, if the plaintiff does not reside in the district." *Bartile Roofs*, 618 F.3d at 1168. Defendants allege that Plaintiff Estrada lives in Texas and Plaintiff Cisneros lives "less than 10 miles from the El Paso Federal Court" in Sunland Park, New Mexico. *Doc. 13* at 4–5.[3] While El Paso would not

---

[3] Plaintiffs do not make any allegations (or denials of Defendants' allegations) as to Plaintiffs' residence.

appear to be an *in*convenient forum for Plaintiffs based on residence alone, this fact is insufficient to disregard their choice entirely. The Court must look to the other factors.

Aside from the plaintiff's choice, the convenience of the witnesses is the most important factor. *Bartile Roofs*, 618 F.3d at 1169. However, a movant does not carry the burden of proving inconvenience merely by stating that witnesses reside in another forum. *Id.* The movant must identify the witnesses, indicate "the quality or materiality of the testimony of said witnesses," and establish that necessary witnesses would be unwilling to come to trial without the use of compulsory process and that testimony by deposition would be unsatisfactory. *Scheidt*, 956 F.2d at 966. Defendants do not provide these details. Instead, they generally allege that all the potential witnesses reside closer to the El Paso federal courthouse than the Las Cruces federal courthouse and that the relevant corporate records are located in Texas. *Doc. 13* at 5. While these facts may be true, they do not establish that the witnesses will suffer any actual inconvenience due to the roughly fifty miles separating the two courthouses.

Regarding the costs of making proof, Defendants generally allege that their preferred venue "would be more convenient, efficient, and more able to provide access to discovery and depositions, allowing for expeditious proceedings in the most economical fashion." *Doc. 16* at 4–5. However, Defendants do not allege any particular facts regarding the increased cost. *See Bartile Roofs*, 618 F.3d at 1169 (finding that cost "fails to justify a transfer because the record contains no evidence concerning the

16

potential costs of litigating the case in [the original forum]"). Therefore, Defendants have not carried their burden on this factor. As to the remaining factors, Defendants do not articulate any obstacles to a fair trial in New Mexico, concerns about congestion in this Court's docket, potential conflict-of-law dilemmas, or issues of enforceability of a judgment from this Court.

The final factor for consideration is the presence of "questions of local law." *Id.* at 1167. "When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Id.* at 1170. This preference recognizes that there is "a local interest in having localized controversies decided at home." *Id.* (quoting *Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1233 (D. Colo. 2005)). Plaintiffs rely on this point, noting that they have brought claims based on New Mexico law, arising from public works projects performed in New Mexico. *Doc. 14* at 5–6. Defendants do not address this factor at all. In the absence of any evidence to defeat the interest of New Mexico in having issues of New Mexico law decided within its borders, this factor clearly weighs in Plaintiffs' favor.

Defendants have not carried their burden on any of the factors that would merit transfer of venue. Therefore, Defendants' request for transfer to the Western District of Texas will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss under Rule 12(b)(1), (3) and (6) is DENIED. Defendants' motion to transfer venue under 28 U.S.C. § 1404(a) is also DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**