## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL CISNEROS, *et al.*,

     Plaintiffs,

v.                                                          Civ. No. 19-500 GBW/GJF

EP WRAP-IT INSULATION, LLC, *et al.*,

     Defendants.

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS, APPROVING AWARD OF ATTORNEYS' FEES AND DEFENSE COSTS, AND DISMISSING ACTION

THIS MATTER comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (*doc. 85*) and Class Counsel's Motion for Award of Reasonable Attorneys' Fees (F.R.C.P. 23(h) and 54(d)(2)) (*doc. 95*). The Court held a fairness hearing on February 2, 2022. *See doc. 92.* Having reviewed the parties' submissions and heard the arguments of counsel, the Court finds that the proposed settlement is fair, reasonable, and adequate, and that an attorneys' fees award of one-third (1/3) of the gross settlement amount is reasonable. The Court therefore GRANTS the Motion for Final Approval[1] and GRANTS final certification of the Rule 23 class for purposes of settlement. Pursuant to Federal Rule of Civil Procedure 23(h), the Court

---

[1] For the reasons explained in its Order Granting Preliminary Approval of Class Action Settlement, the Court presumes that a settlement approved under Federal Rule of Civil Procedure 23 may also be approved under the FLSA. *See Cisneros v. EP Wrap-It Insulation, LLC*, Civ. No. 19-500 GBW/GJF, 2021 WL 2953117, at *2 (D.N.M. July 14, 2021)

also GRANTS Class Counsel's Motion for Award of Reasonable Attorneys' Fees.

## I.    BACKGROUND

Defendant EP Wrap-It Insulation, LLC "install[s] insulation in the El Paso area and the adjacent areas of New Mexico." *Doc. 1* ¶ 2; *see also doc. 13* ¶ 2.  On May 31, 2019, Plaintiffs Daniel Cisneros and Alberto Estrada ("Named Plaintiffs") filed a Complaint on behalf of themselves and a class and collective of similarly situated employees of Defendants EP Wrap-It, Cynthia Lucero, and Abram Lucero alleging that Defendants failed to pay them overtime compensation at the appropriate rate in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), failed to pay them for time worked prior to and after their time at job sites—such as time spent loading and unloading trucks and traveling—in violation of the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-1 *et seq.* ("NMMWA"), and failed to pay wages at prevailing wage rates applicable under the Public Works Minimum Wage Act, N.M. Stat. Ann. §§ 13-4-10 to -17 ("PWMWA").[2]  *See doc. 1.*  Defendants filed a combined answer and motion to dismiss on September 9, 2019, seeking dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and under Rule 12(b)(3) for improper venue, or, in the alternative, a transfer of venue under 28 U.S.C. 1404(a).  *See generally doc. 13.*  The Court denied the

---

[2] Plaintiffs' First Amended Complaint, which was filed on July 15, 2019, to add as exhibits the Named Plaintiffs' FLSA opt-in consent forms, did not amend the allegations or claims in the original Complaint. *See doc. 10* at 1.

Motion to Dismiss on October 17, 2019.  *See doc. 25*.

The Court conditionally certified Plaintiffs' FLSA claim as a collective action on March 24, 2020, and directed Defendants to provide notice and consent forms to potential collective members.  *Doc. 49*.  Ultimately, seven former employees of Defendant opted to join the FLSA collective action in addition to the two Named Plaintiffs, bringing the total number of Plaintiffs to nine.  *Doc. 79* at 3.  The parties participated in a settlement conference before the Honorable Gregory J. Fouratt on August 24, 2020, *see doc. 70*, and settlement negotiations continued from August 25, 2020, through October 21, 2020, when the parties reached a settlement in principle, *see doc. 71*.

Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement on March 22, 2021, *see doc. 79*, which the Court granted on July 14, 2021, *see Cisneros v. EP Wrap-It Insulation, LLC*, Civ. No. 19-500 GBW/GJF, 2021 WL 2953117 (D.N.M. July 14, 2021), after first ordering and receiving supplemental briefing on issues related to the application of Rule 23 procedures and standards to a hybrid FLSA collective action/Rule 23 class action, *see doc. 82*; *doc. 83*.  In accordance with Federal Rule of Civil Procedure 23, the Court's Order Granting Preliminary Approval did the following: (1) preliminarily approved the Settlement Agreement; (2) certified the Settlement Class under Rule 23(b)(3) after finding it met the applicable criteria for class action treatment (numerosity, commonality, typicality, and adequacy of representation);  (3) appointed

Plaintiffs' counsel as Class Counsel; (4) directed Class Counsel to make additional revisions to their proposed notice forms for class members and, upon making the Court's revisions, mail the notices to class members; and (5) set a fairness hearing to hear any objections on the proposed settlement. *See Cisneros*, 2021 WL 2953117, at *11. None of the 55 class members objected to the terms of the proposed settlement or opted out of the settlement class after the class notice was issued.[3] Fifteen class members submitted timely claims forms. *Doc. 86* at ¶ 1.

Plaintiffs filed their Motion for Final Approval of Class Action Settlement on December 30, 2021. *See doc.* 85. The parties attended a fairness hearing on February 2, 2022. *See doc. 92.* At the fairness hearing, the parties and the Court discussed a plan for remedial notice procedures as to the proposed class action settlement for three class members whose notice packets had been returned as undeliverable, and as to notice of Class Counsel's request for attorney's fees for all class members. *See id.* at 2-3. After the fairness hearing, the Court ordered amendments to and approved Class Counsel's proposed notice of its motion for attorney's fees, and gave class members 45 days to notify the Court and the parties' counsel if they wished to file an objection to the motion

---

[3] However, prior to filing Plaintiffs' Motion for Final Approval, Class Counsel discovered that three class members—whose addresses had been discovered via a skip trace investigation after their initial notice packets were returned as undeliverable—had not been sent notice packets at their addresses returned by the skip-trace search. *See doc. 85* at 22. Subsequently, the Court approved remedial notice procedures for these three class members only. *See doc. 89* at 2; *doc. 92* at 6. Pursuant to the remedial notice procedures, these three class members could object to or opt out of the settlement class prior to March 21, 2022, but none did so. *See doc. 98* at 1.

for attorneys' fees and the claim for recoverable defense costs.  *See doc. 97* at 2-3.  None

did so, *see doc. 98* at ¶ 4, but one additional class member requested to join the

settlement class, *see id.* at ¶ 5.

The Court informed the parties at the fairness hearing that if no class members

filed objections to Class Counsel's motion for attorney's fees and none of the three class

members subject to remedial notice procedures filed objections, it would proceed with

an order addressing the merits of the Motion for Final Approval without holding an

additional fairness hearing.  *Doc. 92* at 6.  Because no such objections have been filed

and the parties' counsel have not requested an additional fairness hearing, the Court

now enters this Order granting final approval of the proposed settlement and granting

Class Counsel's motion for attorneys' fees and costs.

## II.    FINAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE

The Court will grant final certification of the class for settlement purposes.  The

class is "all present and former non-managerial hourly employees of EP Wrap-It

Insulation during the Class Period," *doc. 81-1* at ¶ 1.d, which is from May 31, 2016,

through September 22, 2019, *id.* at ¶ 1.c.  Certification of a class for settlement purposes

only must comply with the requirements set forth in Federal Rule of Civil Procedure

23(a), except the Court "need not inquire whether the case would, if tried, present

'intractable management problems.'"  *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp.

2d 1178, 1227 (D.N.M. 2012) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620

(1997)).  The applicable Rule 23(a) factors are:

>(1) the class is so numerous that joinder of all members is impracticable;

>(2) there are questions of law or fact common to the class;

>(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

>(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Final class certification cannot issue until after the fairness hearing. *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment ("The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement."); *Weinman v. Fidelity Capital Appreciation Fund* (*In re Integra Realty Res., Inc.*), 354 F.3d 1246, 1261 (10th Cir. 2004) (stating that "a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment").  When a court has already certified a class, as is the case here, *see Cisneros*, 2021 WL 2953117, at *4, *11, "the only information ordinarily necessary [for final class approval] is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted," Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.  As no such changes have been made here, the Court finds that the class satisfies Rule 23(a)'s requirements for certification for the reasons detailed in its Order

Granting Preliminary Approval of Class Action Settlement.  *See Cisneros*, 2021 WL 2953117, at *3-4.

### III.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

"Class actions on state law wage claims brought in federal court are governed by Rule 23 of the Federal Rules of Civil Procedure," *see Cisneros*, 2021 WL 2953117, at *2, which requires settlement agreements of such actions to be approved by the Court, Fed. R. Civ. P. 23(e).  Due to the "overriding public interest in favor of settlement," there is a presumption in favor of approval.  *Acevedo v. Sw. Airlines Co.*, Civil Action No. 1:16-cv-00024-MV-LF, 2019 WL 6712298, at *2 (D.N.M. Dec. 10, 2019) (citing *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980) (explaining that the public interest in favor of settlement is particularly strong in the class action context, where "settlement of complex disputes 'minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources'" (quoting *Armstrong*, 616 F.2d at 313)), *report and recommendation adopted*, 2020 WL 85132 (D.N.M. Jan. 7, 2020); *Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*, Civ. No. 19-940 GJF, 2021 WL 1339305, at *3 (Apr. 9, 2021) (stating that "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results").  "The Court's main concern in evaluating the settlement is to ensure that the rights of passive class members are not jeopardized by the proposed settlement."  *In re Samsung Top-load Washing Mach. Mktg.,*

*Sales Prac. & Prods. Liab. Litig.*, MDL Case No. 17-ml-2792-D, 2020 WL 2616711, at *3

(W.D. Okla. May 22, 2020), *aff'd*, 997 F.3d 1077 (10th Cir. 2021); *see also Casados v. Safeco*

*Ins. Co. of Am.*, No. CIV 10-751 JAP/SMV, 2015 WL 11089527, at *9 (D.N.M. Nov. 6,

2015).

"The authority to approve a settlement of a class … action is committed to the

sound discretion of the trial court." *Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th

Cir. 1984). "In exercising its discretion, the trial court must approve the settlement if it

is fair, reasonable[,] and adequate," *id.*, based on whether:

> (A) the class representatives and class counsel have adequately represented
> the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to
> > the class, including the method of processing class-member claims;
> >
> > (iii) the terms of any proposed award of attorney's fees, including
> > timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Tenth Circuit has noted four additional factors for courts to consider in

evaluating whether a proposed settlement is fair, reasonable, and adequate. *See Wilson*

*v. Circle K Stores, Inc.* (*In re: Motor Fuel Temperature Sales Pracs. Litig.*), 872 F.3d 1094, 1116-17 (10th Cir. 2017).  These four "*Rutter* factors" are:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002) (quoting *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), and citing *Jones*, 741 F.2d at 324).

### a. Rule 23 Standards

#### i. *Adequacy of Representation*

To evaluate the adequacy of representation under Rule 23(a)(4), "courts consider whether: (1) 'the named plaintiffs and their counsel have any conflicts of interest with other class members'; and (2) 'the named plaintiffs and their counsel have prosecuted the action vigorously on behalf of the class.'"  *In re Samsung*, 2020 WL 2616711, at *12 (quoting *Rutter*, 314 F.3d at 1187-88) (collecting cases).

The Court is satisfied that no conflicts of interest undermined the adequacy of representation.  As the Court acknowledged in its order preliminarily approving the settlement, the class includes two individuals who are presumably related to Defendants Abram and Cynthia Lucero, but those individuals were not involved in the

litigation and were eligible to participate in the claims process on equivalent terms to the other class members. *See Cisneros*, 2021 WL 2953117, at *3. The Court finds no indication of, nor has any party or class member alleged, any conflicts, fraud, or collusion in connection with the settlement agreement. *Cf. In re Samsung*, 2020 WL 2616711, at *12 (finding that representation was adequate in part because there were no objections alleging facts or evidence of fraud, collusion, or overreaching related to the settlement agreement).

Additionally, the Named Plaintiffs, Class Counsel, and defense counsel vigorously prosecuted the case, including by contesting Defendants' motions to dismiss pursuant to Rule 12(b)(1), 12(b)(3), and 12(b)(6), *see doc. 13*; *doc. 14*; *doc. 16*, and class certification, *see doc. 80* at ¶ 25, prior to engaging in settlement negotiations. *Cf. Montgomery*, 2021 WL 1339305, at *4 (finding that class counsel adequately represented the class in part because the briefing on cross-motions for summary judgment "provided [c]lass [c]ounsel with 'an adequate appreciation of the merits of the case before negotiating'" (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531 (3d Cir. 2004))). Class Counsel at Weinberg, Roger & Rosenfeld and Youtz & Valdez are experienced in handling wage and hour class and collective actions. *See doc. 80* at ¶¶ 19-21; *doc. 95* at 4. During the discovery process, they undertook "extensive review and analysis of thousands of pages of payroll documents and data; timesheets; and contracts for public works jobs subject to potential prevailing wage requirements." *Doc. 95* at 2-3;

*cf. Key v. Butch's Rat Hole & Anchor Serv., Inc.*, No. CIV 17-1171 RB/KRS, 2022 WL 457915, at *2 (D.N.M. Feb. 15, 2022) (identifying the depth of discovery as a factor indicating that a settlement is fair, reasonable, and adequate); *Montgomery*, 2021 WL 1339305, at *4 (stating that the exchange of "substantial" discovery rendered class counsel adequately apprised of the merits of the case before undertaking settlement negotiations).  In addition, the Named Plaintiffs actively participated in litigating this case by "cooperating with [Class Counsel] in investigating the claims, making initial disclosures, providing declarations in support of the motion for conditional certification of the FLSA collective action, responding to discovery, and attending and assisting with the settlement conference."  *See doc. 85* at 19-20; *doc. 70*.  Therefore, the Court finds that Class Counsel and the Named Plaintiffs adequately represented the class.

### ii.  *Arm's-length Negotiations*

The Court finds that the settlement is the product of arm's-length negotiations. There is a presumption in favor of a finding that negotiations were fair when they were conducted before a third-party mediator.  *See In re Samsung*, 2020 WL 2616711, at *13; *In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*, CIVIL ACTION NO. 09-md-2034, 2018 WL 4252463, at *5 (E.D. Pa. Sept. 5, 2018).  Here, the parties' settlement negotiations proceeded before the Honorable Gregory J. Fouratt, an experienced mediator, and discussions to finalize the settlement continued over several months with the Court's continued involvement.  *See docs. 70, 71*.  Additionally, Class Counsel's

11

negotiations at the settlement conference were aided by their preparation of a

settlement conference statement, estimated damage models, and an evaluation of the

risks inherent in litigating the case through class certification, trial, and an appeal.  *See*

*doc. 95* at 3; *cf. Key*, 2022 WL 457915, at *2 (D.N.M. Feb. 15, 2022) (finding that the

parties' use of a damage model at mediation indicated that the settlement process was

"open, fair, and honest").  The Court finds no evidence, nor does any class member or

party offer any evidence, that would overcome the presumption that the settlement was

a product of fair negotiations.

### iii.   *Adequacy of Relief*

The Court finds that the settlement agreement provides adequate relief to the

class.  As noted earlier, Rule 23(e)(2)(C) sets forth four criteria for assessing a settlement

agreement's substantive adequacy: (1) "the costs, risks, and delay of trial and appeal;"

(2) "the effectiveness of any proposed method of distributing relief to the class,

including the method of processing class-member claims;" (3) "the terms of any

proposed award of attorneys' fees, including timing of payment;" and (4) "any

agreement made in connection with the proposal."  Fed. R. Civ. P. 23(e)(2)(C), (3).  The

Court will analyze each in turn.

### 1.   <u>Costs, Risks, and Delay of Further Litigation</u>

The Court does not analyze the substantive adequacy of the relief a proposed

settlement will provide to class members in isolation, but rather weighs the adequacy of

the relief against the "the cost and risk involved in pursuing a litigated outcome." *Montgomery*, 2021 WL 1339305, at *5 (quoting Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment).

To establish Defendants' liability at trial, Plaintiffs would have to overcome Defendants' opposition to class certification (Defendant supports certification for settlement purposes only) and contentions that they did not fail to pay off-the-clock time and that many employees were not working as insulation installers and therefore were not entitled to the higher prevailing wage rates applicable to insulators. *Doc. 85* at 12-13. Because Defendant would dispute both class certification and the merits of Plaintiffs' claims, there are "significant risks posed by…disputed certification and merits proceedings." *Id.* at 12. Defendants have also presented evidence that they may seek bankruptcy relief in the event of a successful outcome for Plaintiffs after class certification and litigation, *see doc. 80* at ¶ 9, so it is possible that Participating Class Members might never realize the benefit of a successful trial outcome.

In addition to avoiding the uncertainties associated with the outcome of a trial, the settlement also enables the class members to avoid the additional time and expense attendant to proceeding to trial. The Settlement Class has been conditionally certified for settlement purposes only, so the resolution of a motion for class certification prior to trial would increase the duration and expense of future litigation. *See doc. 85* at 15. Bringing the case to trial would also require Class Counsel to engage in expert

discovery and to perform additional assessments of the class members' damages, and any post-trial motions or appeals could further delay class members' recovery.  *Id.*  By contrast, the Court's approval of the settlement guarantees that all Participating Class Members will receive a distribution and enables them to receive compensation now.  *Cf. Montgomery*, 2021 WL 1339305, at *6 ("Given that outstanding questions of law and fact place the ultimate outcome of this matter in doubt, and considering the amount of potentially recoverable damages, the value of the class action settlement outweighs the mere possibility of future relief after protracted and expensive litigation"); *Acevedo*, 2019 WL 6712298, at *3.  Therefore, this factor weighs in favor of granting approval.

### 2.  Method of Distribution

The second factor the Court considers in determining whether a proposed settlement provides adequate relief to the class requires the Court to "scrutinize[] the method of claims processing to ensure that it facilitates filing legitimate claims" and consider "whether the claims process is unduly demanding."  *Montgomery*, 2021 WL 1339305, at *6 (quoting Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment); *Anderson Living Tr. v. Energen Res. Corp.*, CV No. 13-909 WJ/CG, 2021 WL 3076910, at *4 (D.N.M. July 21, 2021).  "[T]he claim process should be as simple, straightforward, and nonburdensome as possible."  *In re Samsung*, 2020 WL 2616711, at *16.

The Court finds that the proposed method of distribution allows for rapid

distribution of benefits to Participating Class Members and is not unduly demanding. The Court has already reviewed, modified, and approved the claims form that was sent to potential settlement class members. *See Cisneros*, 2021 WL 2953117, at *10-11.  It was not difficult for class members to offer proof of a claim, because to do so they only had to timely return a signed claims form, *doc. 80-2* at 3-4, as the notice was sent to individuals identified by Defendants as class members,[4] *see doc. 86* at ¶ 4.

Following the Court's approval of the Notice of Class Action Settlement with two amendments, Class Counsel mailed "notice packets" containing a claims form, a Notice of Class Action Settlement, and a self-addressed postage-prepaid envelope to the 55 class members whom Defendants identified as falling within the Settlement Class. *Id.* at ¶¶ 3-6. Of the 55 notice packets, only three were returned undeliverable. *Id.* at ¶ 7.  For those three notice packets, Class Counsel hired a trusted vendor to perform a skip-trace investigation, which yielded updated addresses. *Id.*; *see doc. 92* at 4-5.  A remedial notice process was commenced for the three class members subject to the skip-trace procedures, which allowed them 60 days to object to or opt-in to the settlement. *See doc. 92* at 5; *doc. 98* at 1.  Upon completion of the main notice process on October 5, 2021, and the remedial notice process for the three skip-trace class members on March 21, 2022, 24 class members had submitted timely claims forms or had signed the settlement

---

[4] Nine class members did not need to return claim forms to participate in the settlement because they had already signed the settlement agreement itself. *See doc. 86* at ¶ 8.

agreement itself and no class members had opted out of the settlement.  *Doc. 86* at ¶¶ 9-12; *doc. 92* at 5; *doc. 98* at ¶ 2.  Because the Court will approve the addition of one class member, David Cuevas, to the group of Participating Class Members who will receive a pro rata share of the class settlement, there are 25 total Participating Class Members.[5] The resulting claims rate is 45.45%, which is an above average result that militates in favor of a finding that the notice process was satisfactory.  *See Brandenburg v. Cousin Vinny's Pizza, LLC*, Case No. 3:16-cv-516, 2019 WL 6310376, at *3 (S.D. Ohio Nov. 25, 2019 (declaring that a one third participation rate was "above average").

Finally, the method by which Participating Class Members will receive their shares of the settlement is straightforward and not burdensome from the point of view of class members.  At the Fairness Hearing, the Court and the parties agreed to streamline the process for distributing relief to class members by issuing distribution checks in one installment and having a single 60-day window of time for class members to cash their distribution checks prior to the settlement agreement's reversionary clause going into effect.  *See doc. 92* at 5.  This revision both increases the speed at which class members will receive their full shares of the settlement, makes it less likely that a class

---

[5] The Court approves the late addition of David Cuevas to the group of Participating Class Members based on his statement to Class Counsel that he did not receive notice of the class settlement prior to receiving the February 17, 2022, notice of Class Counsel's Motion for Award of Reasonable Attorneys' Fees, but now wishes to participate in the settlement.  *See doc. 98* at ¶ 5.  The Court finds it appropriate to approve the late addition of Mr. Cuevas without requiring any additional notice procedures and without approving the addition of any other class members to the group of Participating Class Members because no other class member contacted Class Counsel following the February 17, 2022, notices to claim that they did not receive the original notice of class action settlement.  *See id.* at ¶ 6..

member will fail to cash a settlement check during the 60-day time period for them to do so, and facilitates the distribution process.

Finally, in the Court's Order Granting Preliminary Approval of Class Action Settlement, the Court applied heightened scrutiny to the settlement agreement's reversionary, or "kicker" clause. *See Cisneros*, 2021 WL 2953117, at *7-8. This clause provides for redistributions of uncashed settlement checks to Participating Class Members in the event any settlement checks are not cashed within 180 days after they are mailed or delivered, unless the total value of uncashed settlement distributions is $2,500.00 or less, in which case the funds will revert to Defendants. *See doc. 81-1* at ¶ 7.a. Based on the reasoning set forth more fully in the Court's Order Granting Preliminary Approval of Class Action Settlement, and because the notices sent to class members contained the Court's revisions aimed at providing class members clear notice that they are subject to a 60-day deadline for cashing distribution checks, the Court finds that the presence of a "kicker clause" does not undermine the adequacy of relief.

In summary, based on the notification and distribution procedures discussed above, the lack of any class members who objected to or opted out of the settlement, and for the reasons discussed in the Court's preliminary approval of the notice procedures and subsequent approval of remedial notice procedures, the Court finds that the relief provided for the class is adequate. *See Anderson Living Tr.*, 2021 WL 3076910, at *5 (finding that analogous circumstances supported a finding that relief was

adequate).

### 3.  Proposed Attorney's Fees and Costs

The third criterion for weighing the adequacy of relief under Rule 23(e)(2)(C) requires the Court to consider the "terms of any proposed award of attorney's fees, including timing of payment."  *See* Fed. R. Civ. P. 23(e)(2)(C)(iii).  The parties' stipulation to the amount of attorneys' fees and costs in the Settlement Agreement does not relieve the Court of its obligation to review the fee amount for whether it is reasonable.  *In re Samsung*, 2020 WL 2616711, at *17 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003), and *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 786 (N.D. Ohio 2010)).

It is appropriate to base an award of attorney's fees in a class action settlement upon a percentage of the settlement fund, rather than upon a traditional lodestar calculation, because the effect of doing so is to cause those who have benefitted from the litigation to share the fees.  *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988).  Nevertheless, the Court must determine that the percentage reflected in a common fund award is reasonable.  *Id.*  To do so, some courts in this district perform a lodestar cross-check, *see Montgomery*, 2021 WL 1339305, at *7 n.5, but the Tenth Circuit neither requires a lodestar cross-check nor prefers it to the percentage of the fund method, *see Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994); *see also Harris v. Chevron U.S.A., Inc.*, Case No. 6:19-cv-00355-SPS, 2020 WL 8187464, at *2 (E.D. Okla. Feb. 27,

2020); *Anderson Living Tr.*, 2021 WL 3076910, at *7.  However, even when a court chooses to forego a lodestar cross-check, contemporaneous timekeeping records submitted by class counsel are relevant and helpful.  *Brown*, 838 F.2d at 456 n.3.

The Tenth Circuit requires courts reviewing the reasonableness of settlement agreement's proposed common fund attorneys' fee award to consider the twelve *Johnson* factors.  *Gottlieb*, 43 F.3d at 483.  They are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee … ; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Brown*, 838 F.2d at 454-55 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The applicability and persuasive value of each factor will vary depending on the facts at issue in a given case.  *See id.* at 456 (stating that "rarely are all of the *Johnson* factors applicable); *Harris*, 2020 WL 8187464, at *3 ("Not all factors apply in every case, and some deserve more weight than others depending on the facts at issue.")

Having considered the *Johnson* factors, the Court will approve the requested attorneys' fees award of $53,333.33, which is one-third of the gross settlement amount.[6]

---

[6] In accordance with Rule 23(h), Class Counsel filed a motion for attorney's fees under Rule 54(d)(2) that was served upon the class members with a notice approved by the Court and a copy of Defendants'

*Doc. 86* at 3; *doc. 95* at 1.  As this Court preliminary noted in its Order Granting Preliminary Approval of Class Action Settlement, a contingent fee of one-third of the settlement amount in a class action is standard in this Court and other district courts in the Tenth Circuit.  *See Cisneros*, 2021 WL 2953117, at *8 (collecting cases).  The Court has performed a lodestar cross-check and determined that the requested fee award is reasonable based on Class Counsel's timekeeping records and billing rate data.[7] Additionally, as discussed above, the Court finds Class Counsel to have substantial experience with wage and hour litigation and to have invested significant effort into their representation of the class.  *See doc. 80* at 6-7; *doc. 86* at 4, 18.  Finally, the Court finds that the results obtained by Class Counsel for class members are favorable, particularly considering Defendants' representation that they would seek to dissolve their business and get relief in bankruptcy from an adverse result at trial.  *See doc. 80* at 3-4.

---

Amended Notice of Recoverable Defense Cost (*doc. 94*) following the Fairness Hearing.  *See doc. 92* at 6; *doc. 97* at 3-4.  No class members objected to the motion for fees and claim of recoverable defense costs within their 45-day time period for doing so.  *Doc. 98* at ¶ 8.

[7] The Court notes that the claimed paralegal rate of $150.00 per hour, *see doc. 86* at ¶ 19, is higher than the rate ordinarily approved by this and other courts in this district.  *See, e.g., Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB/KBM, 2016 WL 5376321, at *13 (D.N.M. Aug. 17, 2016) (awarding $90.00/hour in a NMMWA case); *Bernhard v. Meow Wolf, Inc.*, No. CIV 21cv-0509 RB/SCY, 2022 WL 1421820, at *2-3 (D.N.M. May 5, 2022) (awarding $100/hour to paralegals with more than twenty years of experience); *Got Prods. LLC v. Zepto LLC*, No. CIV 18-0893 RB/LF, 2020 WL 1288568, at *3 (awarding $85/hour to paralegals in a contract case).  However, the Court does not find that this rate undermines the reasonableness of the requested attorneys' fee award because the Court is not utilizing a lodestar cross check as its primary tool for evaluating the reasonableness of the proposed attorneys' fee award and because the Court finds that a common fund attorneys' fee award of one-third of the gross settlement is reasonable.

In addition to reviewing the attorney's fee award provided by the settlement agreement for reasonableness, the Court also must review the parties' nontaxable recoverable costs authorized by the settlement agreement to determine if they are reasonable.  *See* Fed. R. Civ. P. 23(h).  Pursuant to Rule 23(h), the Court will approve Class Counsel's request for $3,093.45 in recoverable costs.[8]  *See doc. 86* at 5, 15.  The Court has reviewed Class Counsel's itemized breakdown for its costs, and the Court finds that costs associated with paying court fees, providing notice to class members, and otherwise administering the settlement are appropriate.  *See Montgomery*, 2021 WL 1339305, at *8 (stating that "costs associated with administering the settlement, court fees, electronic research, postage and courier fees," are appropriate and recoverable (citing *Candelaria v. Health Care Serv. Corp.*, Case No. 2:17-cv-404-KG-SMV, 2020 WL 6875828, at *4 (D.N.M. Nov. 4, 2020))).

The Court is unable, however, to similarly approve the full amount of requested defense costs, which is $3,580.00.  *See doc. 94* at ¶ 3.  At the fairness hearing, the Court noted that Defendants' claimed costs for administering the settlement appeared facially

---

[8] Class counsel submits that the breakdown of the $3,093.45 in costs is as follows:

(a) Filing fee, $400; (b) Pro hac vice fee, $100; (c) Service on EP Wrap-It, LLC, $109.23; (d) Service on Luceros, $75; (e) Postage for collective action notice and SASEs (3/9/21), $159; (f) Fees for investigation services (skip trace) to locate three class members whose Notice Packets returned undeliverable (9/10/21), at $295.00 each, for a total of $885.00; (g) Paraprofessional 9.1 hours in administering class notice, $1,272.50; and (h) Postage for mailing and enclosed SASEs, 76 notice packets for 55 class members, some with multiple addresses (8/6/21), $92.72.

*Doc. 86* at 5.

excessive and asked defense counsel to clarify how it had spent hours' worth of work on administering the settlement.  *See doc. 92* at 4.  After the fairness hearing, Defendants submitted a renewed itemization of its administrative costs.  *See doc. 94-1*.  Having considered Defendants' amended estimate of its administrative costs, the Court continues to find that Defendants have not provided enough information for the Court to be able to ascertain that the entirety of its requested costs are reasonable.  Specifically, Defendants request $1,532.00 in administrative costs for "review[ing] the pro-rata shares calculation of the participating class members in a period of 4 weeks," which involves "dividing the members['] weeks worked during the class period into the number of man worked weeks that were worked by all the participating class members."  *Id*.  The Court interprets this entry to correspond to the Settlement Agreement's provision allowing Defendants to review Class Counsel's estimates of each Participating Class Member's pro rata share of the settlement amount.  *See doc. 81-1* at ¶ 5.f ("Class Counsel shall prepare a calculation of the *pro rata* shares for Participating Class Members by [dividing the member's weeks worked during the class period into the number of man-work-weeks worked by all Participating Class Members during the Class Period and applying the resulting fraction to the Net Settlement Amount] and provide the calculation to Defendants' counsel for Defendants' review and approval before processing.").  While the Court understands that Defendants may wish to review Class Counsel's calculations by performing them anew, it does not understand why 38.3

hours of work were required to do so, given the relatively straightforward formula and relatively low number of class members.  (Spending 38.3 hours on reviewing the calculations for 55 class members comes to an average of approximately 42 minutes per employee to check the calculation for that employee already performed by Class Counsel.)  Therefore, the Court finds that one-half the requested amount for this entry, or $766.00, is reasonable.  Accordingly, the Court will approve $2,814.00 of the requested defense costs.[9]

Therefore, the Court finds the requested attorneys' fee award and Class Counsel's claim for recoverable costs reasonable and **HEREBY GRANTS** Class Counsel's Motion for Award of Reasonable Attorneys' Fees (F.R.C.P. 23(h) and 54(d)(2)) (*doc. 95*).  The Court additionally approves $2,814.00 in recoverable defense costs.

### 4.  <u>Any Agreement Required to be Identified Under Rule 23(e)(3)</u>

Rule 23(e)(3) requires the parties to "file a statement identifying any agreement made in connection with the proposal."  Fed. R. Civ. P. 23(e)(3).  This factor requires scrutiny of any "side agreements" to settle the claims of objectors the to the settlement agreement.  *See In re Samsung*, 2020 WL 2616711, at *18.  Here, no individuals have objected to the proposed class settlement, so no such side agreements exist.  Where

---

[9] As discussed at the fairness hearing, the Court does not find that its approval of the amount withheld from the gross settlement pursuant to section 6(b)(2) of the settlement agreement, for Defendants' employer-side tax liability on the portions of the settlement distributions deemed as wages, is necessary. *See doc. 92* at 3, 6.

there are no "side agreements," this requirement is satisfied when the parties have

filed the Settlement Agreement and plan for allocating the settlement proceeds with

the Court, *Anderson Living Tr.*, 2021 WL 3076910, at *5, as the parties have done here.

Therefore, the Court finds that this factor, too, weighs in favor of approval.

### iv. *Equitable Treatment Among Class Members*

The final Rule 23(e)(2) factor requires the Court to consider whether the

settlement agreement provides for "inequitable treatment of some class members vis-à-

vis others."  Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.  For

instance, under this factor, the Court might consider "whether the apportionment of

relief among class members takes appropriate account of differences among their

claims, and whether the scope of the release may affect class members in different ways

that bear on the apportionment of relief."  *Id.*  Other considerations relevant to the

equitable treatment of class members include the allocation of incentive awards to class

representatives. *See, e.g., Montgomery*, 2021 WL 1339305, at *8-9.

In its Order Granting Preliminary Approval of Class Action Settlement, the

Court analyzed whether the scope of the release provided by the settlement agreement

treats class members inequitably because it releases the state law claims of the entire

class and the FLSA claims of the Named Plaintiffs and opt-in plaintiffs only.  *See*

*Cisneros*, 2021 WL 2953117, at *9.  The Court concluded that it does not treat various

groups of class members inequitably, because courts do not permit plaintiffs to obtain a

double recovery for wage claims under both the FLSA and state law.  *See id.* (citing *Rivera v. McCoy Corp.*, 240 F. Supp. 3d 1150, 1154 (D.N.M. 2017)).  The settlement agreement also treats all participating class members equally, because their shares will be calculated using an identical formula based on the number of weeks they worked during the Class Period.  *See doc. 81-1* at ¶ 5.f; *Montgomery*, 2021 WL 1339305, at *8 (stating that where "all class members asserted claims for unpaid overtime wages under the NMMWA" and "settlement shares for each class member [were] derived using an identical formula applied to all class members," the class members were treated equitably with respect to each other under Rule 23(e)(2)(D)).

Finally, the Court approves the incentive payments of $2,500.00 each to the two class representatives.  As the Court noted in its Order Granting Preliminary Approval of Class Action Settlement, incentive awards to class representatives in wage and hour litigation are appropriate when they compensate those individuals for the employment-related risks they bear in bringing forward claims on behalf of a class and for their additional efforts that have benefitted the class.  *See Cisneros*, 2021 WL 2953117, at *9; *Robles v. Brake Masters Sys., Inc.*, No. CIV 10-0135 JB/WPL, 2011 WL 9717448, at *5 (D.N.M. Jan. 31, 2011).  Here, the two class representatives "cooperat[ed] with Plaintiffs' counsel in investigating the claims,  making initial disclosures, providing declarations in support of the motion for conditional certification of the FLSA collective action, responding to discovery, and attending and assisting with the settlement conference."

*Doc. 85* at 19-20.  Based on these contributions, and because district courts in this and other circuits routinely approve much larger incentive awards, as noted by the Court previously, *see Cisneros*, 2021 WL 2953117, at *9 (citing *Montgomery*, 2021 WL 1339305, at *9 (collecting cases)), the Court finds the incentive payments to the two class representatives reasonable.

### b. *Rutter Factors*

Courts in the Tenth Circuit additionally consider the following four factors to determine whether a proposed settlement is fair, reasonable, and adequate:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*See Rutter*, 314 F.3d at 1188.  The fourth *Rutter* factor is the only factor that does not directly overlap with the Rule 23(e)(2) factors.  *In re Samsung*, 2020 WL 2616711, at *18. Therefore, the Court incorporates its preceding analysis of the Rule 23 factors in concluding that the first three *Rutter* factors weigh in favor of its approval of the settlement.  The Court will separately discuss the fourth *Rutter* factor below.

Under this factor, "the recommendation of a settlement by experienced plaintiffs counsel is entitled to great weight."  *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273,

288-89 (D. Colo. 1997); *see also In re Thornburg*, 912 F. Supp. 2d at 1244.  Here, Class

Counsel has affirmed that it finds the settlement to be fair and reasonable.  *See, e.g., doc.*

*85* at 4; *doc. 80* at ¶ 28.  Class Counsel includes Anne Yen, a shareholder at Weinberg,

Roger & Rosenfeld, and local associated counsel James Montalbano of Youtz & Valdez.

*Doc. 80* at ¶¶ 19-21.  Class counsel has substantial experience with class and collective

action wage and hour litigation based on its regular "represent[ation of] employees in

numerous wage and hour lawsuits brought as class actions."  *See id*. at ¶¶ 19, 21.  Based

on Class Counsel's experience and the lack of any objections to the proposed settlement,

the Court is persuaded by Class Counsel's judgment that the settlement is fair and

reasonable and finds that the fourth *Rutter* factor weighs supports approval.

### IV.   CONCLUSION

Plaintiffs' Motion for Final Approval of Class Action Settlement (*doc. 85*) and

Class Counsel's Motion for Award of Reasonable Attorneys' Fees (*doc. 95*) are

GRANTED.  The parties shall implement and consummate the class settlement

according to the terms of the Settlement Agreement (*doc. 81-1*), except as has been

otherwise agreed by the parties and approved by the Court, *see doc. 92* at 5.  Each party

shall bear its own costs and attorneys' fees except as otherwise provided in the

Settlement Agreement, excepting those defense costs not herein approved by the Court.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**